J-S08021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAXAMILLIAN JOHNSON | : | |
| | : | |
| Appellant | : | No. 1840 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 15, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003232-2019

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED JUNE 15, 2026**

Maxamillian Johnson appeals from the judgment of sentence imposed after a jury convicted him of multiple offenses arising out of a violent, armed home invasion. Additionally, counsel asked to withdraw from representation and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). Upon review, we grant counsel's petition and affirm the judgment of sentence.

The trial court set forth the facts as follows:

On August 24, 2018, at approximately 12:45 a.m., the Clifton Heights Police Department was dispatched to Willows Apartment Complex located at 426 S. Springfield Road, in Clifton Heights, Delaware County, for a possible robbery in progress. The attack was reported by the neighbor across the hall of the apartment complex, who reported two black males, one having a long gun, wearing a black t-shirt and having a bald head.

Victim Jonathan Peters (hereafter Peters) chose to ignore the first knock he heard on his apartment door. Peters, his wife Amanda Haley, and their two children occupied Apartment E-10. His children were seven and ten years old at the time. The knocking persisted, so he checked the door, opening it slightly. An

unidentified man asked to purchase marijuana, and when Peters refused, [Johnson] and co-defendant came into Peters' sight. Co-defendant had a revolver, and [Johnson] had an assault rifle, which he used to prevent Peters from closing the door. As Peters attempted to close the door, a struggle occurred and co-defendant was able to wedge his hand in the crack of the door and struck Peters on the head with his revolver. As Peters continued trying to push the door closed, co-defendant again wedged his hand through the crack of the door, shooting Peters in the shoulder. Peters was unable to defend the door any longer. As co-defendant kept watch with his revolver in the doorway of the lighted apartment, [Johnson] entered the apartment, taking Peters' firearm and two jars of marijuana.

Upon arrival, officers observed a male subject fleeing from the building complex through the parking lot. Officers began a chase and ultimately apprehended co-defendant. Two glass jars of marijuana, an assault rifle and a handgun were located outside, [along] the path police observed co-defendant take into a wooded area. [Johnson] was apprehended later.

Trial Court Opinion, 9/11/25, at 1-3.

In June 2019, Johnson was charged for this incident. The Commonwealth offered Johnson a negotiated plea of 7 to 15 years' incarceration if he plead guilty, but he rejected it.

On December 15, 2022, following trial, a jury convicted Johnson of drug related robbery—threat of serious bodily injury, robbery—inflict/threaten serious bodily injury, burglary, two counts each of conspiracy to commit aggravated assault and conspiracy to commit robbery, and one count of conspiracy to commit burglary.[1]

On February 3, 2023, the trial court sentenced Johnson as a third-strike offender to an aggregate sentence of 327 to 654 months' (27 to 54 years')

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(i), 3701(a)(1)(iv), 3502(a)(1)(i), and 903.

- 2 -

incarceration,[2] plus 120 months' consecutive probation. Johnson filed a post-sentence motion, which the court denied.

Johnson appealed his judgment of sentence to this Court. Therein, he claimed that the evidence only showed a single continuous agreement with multiple objectives and therefore the evidence was insufficient to convict him on multiple counts of conspiracy. He also claimed the trial court incorrectly applied the third-strike rule, and therefore, his sentence was illegal. We agreed, vacated his judgment of sentence, and remanded for resentencing because the disposition upset the trial court's original sentencing scheme.

On remand, the trial court resentenced Johnson as a second-strike offender to an aggregate sentence of 264-528 months' (22 to 44 years') incarceration, plus a consecutive 60 months' probation. The specific sentence was as follows:

_____

[2] The three strikes law provides that a trial court shall impose a mandatory minimum term if, at the time of the commission of the current offense, the defendant was previously convicted of "two or more such crimes of violence arising from separate criminal transactions[.]" 42 Pa.C.S.A. § 9714(a)(2). The mandatory minimum for a third-strike offender is 25 years' incarceration. Additionally, the court may impose a sentence of life without parole if it determines that a 25-year sentence is insufficient to protect the public safety. *Id.* However, the law permits only a single enhancement of one count in each "criminal transaction," even if multiple qualifying offenses were committed. *See Commonwealth v. McClintic*, 909 A.2d 1241, 1245 (Pa. 2006). Notably, this limitation does not apply to the second-strike provision under 42 Pa.C.S.A. § 9714(a)(1). *See Commonwealth v. Fields*, 107 A.3d 738, 742-44 (Pa. 2014) (holding that second-strike offenders may receive enhanced sentences for each offense committed in a single criminal transaction).

• Count 9: drug related robbery threatening immediate serious injury, 120 to 240 months.

• Count 17 burglary, 120 months to 240 months, consecutive to Count 9.

• Count 13 robbery inflicting or threatening serious bodily injury, 24-48 months and 60 months of probation consecutive to Counts 9 and 17.

• Count 33 conspiracy to robbery, 120 months to 240 months concurrent to Counts 9 and 17.

Trial Court Opinion, 9/11/25, at 4. Johnson again filed a post-sentence motion, which the court denied.

Johnson timely appealed this new judgment of sentence. He and the trial court complied with Appellate Rule 1925.[3] Counsel filed an **Anders** brief with this Court and a petition to withdraw. Johnson did not retain independent counsel or file a *pro se* response to the **Anders** brief.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the

_____

[3] We note that when counsel intends to file an **Anders** brief and ask this Court to withdraw, counsel should file a statement pursuant to Rule 1925(c)(4) rather than Rule 1925(b).

brief to the defendant and advise [him] of [his] right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).

In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, counsel filed both an ***Anders*** brief and a petition for leave to withdraw. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Additionally, the

- 5 -

record included a copy of the letter that counsel sent to Johnson, indicating counsel's intention to seek permission to withdraw and advising Johnson of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Johnson's appeal is wholly frivolous.

In the **Anders** brief, counsel indicates that Johnson wishes to raise the following two issues post-remand:

> 1. Did the trial court err when it denied post-sentence relief based on the claim that pre-trial negotiations were tainted by a shared misapprehension of sentencing exposure?

> 2. Did the trial court abuse its discretion by imposing a manifestly excessive and unreasonable sentence?

**Anders** Brief at iv.

In his first issue, Johnson claims that, during pre-trial plea negotiations, both the Commonwealth and the defense mistakenly thought that Johnson was subject to the third-strike mandatory minimum penalties, which inflated his perceived sentencing risk. Johnson maintains now that, had he known he was subject to second-strike penalties, he might have pursued or received a more favorable plea disposition. Therefore, he argues that his plea negotiations were compromised, and he was denied a fair and informed plea process. Johnson's Brief at 3.

Upon review, we observe that this claim is not properly before the Court. As the Commonwealth contends, this issue is outside the scope of the remand

- 6 -

from Johnson's first appeal. **See** Commonwealth's Brief at 10-11; **Commonwealth v. McCullough**, 230 A.3d 1146, 1164 n.9 (Pa. Super. 2020) (recognizing that where a case is remanded for a specific, limited purpose, a court may not decide issues not encompassed in the remand); **Commonwealth v. Lawson**, 789 A.2d 252, 253 (Pa. Super. 2001) (stating that "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed.") (citation omitted). Specifically, a limited remand by this Court for resentencing does not entitle an appellant to relitigate claims unrelated to resentencing in a subsequent appeal. **See Commonwealth v. Williams**, 151 A.3d 621, 625 (Pa. Super. 2016) (holding that where a defendant's first direct appeal resulted in a remand for the limited purpose of resentencing, the defendant "is barred from raising any issues other than a challenge to the sentence imposed on remand" in the direct appeal from the resentencing).

Here, in Johnson's first appeal, this Court specifically remanded for resentencing. Now, in the instant appeal, Johnson raises an entirely new issue regarding pre-trial plea negotiations. Although this issue indirectly arises from Johnson's third-strike issue in his first appeal, it is not a sentencing claim related to the trial court's new sentence on remand. Thus, because it is unrelated thereto, Johnson waived this issue.[4]

---

[4] Johnson could have asked the Court to address this issue in his prior appeal if it ruled in his favor. However, he did not. We further note that this issue may be raised in a petition for post-conviction relief.

In his second issue, Johnson challenges the discretionary aspects of his sentence. *Anders* Brief at 4. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Instead, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code . . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Johnson satisfied the first and second requirements under *Colon* but not the third. Counsel did not include a Rule 2119(f) statement. Nonetheless, where counsel files an *Anders* brief, this Court has reviewed the matter without a separate Rule 2119(f) statement. *See Commonwealth v. Wilson*, 578 A.2d 523, 525 (Pa. Super. 1990); *see also Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009). Therefore, we are not precluded from reviewing whether Johnson's sentencing claim is frivolous. Accordingly, we now must determine whether Johnson raises a substantial question.

Johnson claims that the trial court imposed a manifestly excessive sentence. Johnson contends that, by imposing consecutive sentences, the trial court essentially sentenced him to the same sentence it previously did under the third-strike law without adequate reasons. He further argues that the court failed to give individualized consideration to Johnson's background, personal history, and rehabilitative needs. Instead, according to Johnson, the court focused on his crimes and punishment for them. Post Sentence Motion, 4/25/25, at 2-3; **Anders** Brief at 4.

Generally, a challenge to consecutive sentences does not present a substantial question. **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010)). Indeed, the "imposition of consecutive, rather than concurrent, sentences may raise a substantial question in **only the most extreme circumstances**, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Moury**, 992 A.2d at 171 (emphasis added).

However, this Court has held that a claim that the trial court based its sentence solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question. **See Commonwealth v. Macias**, 968 A.2d 773, 776 (Pa. Super. 2009) (where the trial court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question); **see also Commonwealth v. Knox**, 165 A.3d 925, 929 (Pa. Super. 2017) (concluding the appellant's "claim

that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances, . . . raises a substantial question.").

Therefore, we will review Johnson's sentencing claim.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006). Where there is an abuse of discretion, the sentence must be vacated. **See Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007).

The Sentencing Code requires that when sentencing a defendant, the trial court must consider "the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant." **Id**. Additionally, before imposing a sentence of total confinement, the court must consider "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant." 42 Pa.C.S.A. § 9725. The appellate court gives great deference to the trial court's sentencing decision. **See Walls**, 926 A.2d at 961.

Here, following remand, the trial court resentenced Johnson as a second-strike offender. The court specifically noted this on the record. N.T., 4/15/25, at 3. As such, Johnson was subject to a mandatory minimum

sentence of 10 years, which the Commonwealth invoked, for each conviction of the robbery—threaten serious bodily injury, burglary, and conspiracy to commit robbery. *See id.* at 15-16. The court was obligated to impose the mandatory minimum sentence for these convictions but had the discretion to impose them concurrently and/or consecutively.

The trial court imposed sentences for two of these convictions consecutive to each other. The Sentencing Code "affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005); *see also* 42 Pa.C.S.A. § 9721. We will not disturb consecutive sentences unless the aggregate sentence is "grossly disparate" to the defendant's conduct, or "viscerally appear[s] as patently unreasonable." *Commonwealth v. Gonzalez–Dejusus*, 994 A.2d 595, 599 (Pa. Super. 2010).

Given the circumstances of this incident, we conclude that Johnson's consecutive sentences were not grossly disparate or viscerally unreasonable. Moreover, despite Johnson's claim that his sentence was essentially the same as his sentence under the third strike rule, the new terms of incarceration and probation, although lengthy, were both 5 years shorter. Moreover, the court could have imposed sentences for all three of Johnson's eligible convictions as a second-strike offender consecutively, but it did not.

Furthermore, in sentencing Johnson, the trial court had a pre-sentence investigation ("PSI") report, which it reviewed and noted on the record. N.T.,

4/15/25, at 8, 15. Where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009).

Notably, this report reflected the relevant mitigating factors, which the defense counsel highlighted for the court. Counsel explained that Johnson, "from the age of 11, had no familial support. He had essentially no one." N.T., 4/15/25, at 8. He was passed around. Counsel further noted that Johnson had substance abuse issues as well as some mental health issues. ***Id.*** at 9. Counsel also noted that while previously under supervision, after release from prison, Johson did well. Based on these factors, Johnson asked the court to impose his sentences concurrently. ***Id.*** at 10. The court was cognizant of Johnson's background and considered it. ***See*** N.T., 2/3/23, at 11; N.T., 4/15/25, at 15.

However, the trial court found that other factors outweighed the mitigating ones. An appellate court cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors. ***See Macias***, 968 A.2d at 778. Therefore, we conclude that the trial court did not abuse its discretion when it sentenced Johnson.

For the foregoing reasons, we conclude that Johnson's claims on appeal are frivolous. Further, in accordance with ***Dempster***, we have independently

reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/15/2026